THE ROGERS LOCOMOTIVE AND MACHINE WORKS v. JOHN HAND.

A was employed in the blacksmith shop of a locomotive and machine works, and upon the direction of an officer of the company, repaired a chain which had been used in raising locomotive driving-wheels, to be worked on by B, employed by the works for that purpose. When repaired, the chain was again furnished to and used by B for the same purpose, and B was injured by its breaking at the link which had been repaired. *Held*, that A and B were fellow-servants in a common employment, and that an instruction to the jury that A was the agent of the employer, who was responsible for any failure on A's part to actually exercise reasonable care and skill in making such repairs, was erroneous.

On error.

Argued at November Term, 1887, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the plaintiff in error, *Joseph D. Bedle.*

For the defendant in error, *Z. M. Ward.*

The opinion of the court was delivered by

MAGIE, J. The record returned with this writ discloses a judgment against the Rogers Locomotive and Machine

Works (an incorporated company), the plaintiff in error, in favor of John Hand, the defendant in error, in an action on the case for injuries received by Hand when in the employ of the company, and resulting from alleged negligence.

The bills of exception show that Hand received his injury by the fall of a locomotive driving-wheel, which he, assisted by other workmen, was putting in position to have a slot cut in it, which work Hand was employed and accustomed to do. The fall was due to the breaking of a link in the chain used to raise the wheel. The chain had been furnished to and used by Hand for that purpose for over a year. He had shortly before discovered a crack in one of its links, and pointed it out to a foreman. By direction of some officer of the company, the chain was taken to the blacksmith shop of the works, for repair. Lair, a workman employed by the company in that shop, cut out the cracked link and put in a new link. The verdict must be taken as determining that the link which broke was the one which Lair put in.

The trial judge instructed the jury that Lair, in repairing the chain, was an agent of the company, and that the contract of the company with Hand was that "in doing that particular piece of work, he (Lair) should actually exercise reasonable care and skill." The direction of the judge was, that if the jury found that Lair had not exercised reasonable care and skill in repairing the chain, and the chain broke by reason of his failure in that respect, then a breach of the company's duty to Hand had been made out, for which it ought to be held responsible.

The charge in these respects was excepted to, and one of the assignments of error is founded upon that exception.

In my judgment, the instructions thus challenged did not correctly state the liability of an employer under such circumstances.

The right of a workman to obtain redress for an injury received in the course of his employment, and the liability of an employer to answer for such an injury, depend upon their respective undertakings, implied from the relation of master

and servant. The servant impliedly undertakes, on his part, the risk of all the dangers incident to his employment, among which are included those resulting from the carelessness or negligence of other workmen properly employed in the same employment. The master impliedly undertakes to exercise reasonable care and diligence to select and employ suitable and competent fellow-workmen. If he does so, he will come under no liability to any workman for an injury resulting from the negligence or want of care of a fellow-workman. *Farwell* v. *Boston and Winchester R. R. Co.*, 4 *Metc.* 49; *Harrison* v. *Central R. R. Co.*, 2 *Vroom* 293.

The test which will determine what is a common employment of workmen, to which these implied undertakings will apply, has been fixed in this state. The Court of Errors has declared a fellow-servant to be one who serves and is controlled by the same master, and common employment to be service of such kind that, in the exercise of ordinary sagacity, all who engage in it may be able to foresee, when accepting it, that, through the negligence of fellow-servants, they may be exposed to injury. *McAndrews* v. *Burns*, 10 *Vroom* 117. This doctrine was so fully discussed and illustrated in *Ewan* v. *Lippincott*, 18 *Vroom* 192, that further discussion of it is unnecessary.

It may not always be easy to apply this test. Employers may put in their place an agent or representative in carrying on their work, for whose defaults and negligence they will be liable. Employing corporations can only act by such agents. The president of such a corporation has been held to occupy such a relation. *Smith* v. *Oxford Iron Co.*, 13 *Vroom* 467. Upon the principles settled in that case, it is probable that other officers of such corporations may occupy, under certain circumstances, similar relations. But there are doubtless many cases where it will be difficult to draw the line between the employee who represents his employer, and the workman who stands on the footing of a common employment with his fellow-workman. To attempt to explore the adjudged cases on this subject, is to bewilder one's self in a maze of decisions

inconsistent with each other and often irreconcilable with the principles at the foundation of the liability of the master to a servant.

Fortunately, there is no difficulty in applying this test to the case in hand. From the facts shown, it clearly appears that Hand and Lair were in the service and under the control of the same master; were engaged in work tending to a common purpose; and Hand, in engaging therein, was able to foresee the risk of injury from any person employed by the company to do such repairing as Lair did. Under the circumstances, I find no escape from the conclusion that Hand and Lair were fellow-servants in a common employment.

This result accords with the adjudged cases in this state upon similar questions.

In *Harrison* v. *Central R. R. Co., ubi supra,* Chief Justice Beasley said that if a railroad company employed agents of competent skill to regularly examine the bridges of the road, and such agents represented them to be secure, and there was no reason to doubt the accuracy of their report, then, although the agents acted carelessly in the discharge of their duties, the company would not be liable to a brakeman in their employ for an injury received by reason of a defective bridge. The workman employed to note the need of repairs upon bridges was held to be in a common employment with the workman whose trains ran thereon. One employed to repair such bridges would come under the same rule.

In *McAndrews* v. *Burns, ubi supra,* the Court of Errors was dealing with the case of an employer who had furnished appliances conducive to the safety of his workmen, while being raised to the surface from a tunnel they were excavating, and had directed the workmen in charge of the raising to make use of such appliances. The court said: " The laborer, whose duty it was to deliver on the surface at the shaft or there use, or keep in repair, the instrumentalities provided by the defendant for the safe conduct of the laborers to and from the tunnel, was, in the view of the law, a fellow-servant of

deceased, whose place of labor was in the tunnel, and they were engaged in a common employment."

*Ewan* v. *Lippincott, ubi supra,* and many cases therein cited, afford other illustrations of similar applications of this test of common employment.

For this reason, I think that the instructions complained of, which ignored the common employment of Hand and Lair, and which elevated the latter from the position of a fellow-servant to the status of an agent or representative of his employer were erroneous. For this error the judgment must be reversed.